IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDSON R. ARNEAULT, et al., ) | |
|     Plaintiffs, ) | |
| ) | Civil Action No. 1:11-95 |
| vs. ) | |
| ) | |
| KEVIN F. O'TOOLE, ) | |
|     Defendants. ) | |

## **MEMORANDUM ORDER**

The instant matter was originally filed on April 15, 2011. Plaintiffs initiated this lawsuit under 42 U.S.C. § 1983 against twenty-six separate Defendants alleging wrongdoing during the licensing process of Presque Isle Downs, a casino located in Erie, Pennsylvania. After Defendants moved to dismiss Plaintiffs' Amended Complaint, the Court dismissed all of Plaintiffs' federal claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and declined to exercise jurisdiction over the remaining state law claims without prejudice to Plaintiffs' right to assert them in state court. *See* Memo. Op. and Order [ECF No. 84]. Subsequently, Defendants moved for attorneys' fees, *see* Motions for Attorney Fees [ECF Nos. 86, 87, 89, 90, 91, 94], which the Court referred to a special master to issue a Report and Recommendation as to the amount of fees, if any, to be awarded to Defendants. *See* Order Referring Case to Special Master [ECF No. 120]. The special master recommended that Defendants' motions for attorneys' fees be granted, but did not set forth amounts due. *See* Report and Recommendation [ECF No. 131]. The court adopted the special master's Report and Recommendation and entered the following Order: "Motions for Attorney Fees by each set of Defendants are GRANTED in amounts yet to be determined. IT IS FURTHER ORDERED that counsel for parties are to meet and confer in an effort to amicably resolve any differences among

1

them regarding the amount of fees and costs to be reimbursed to each of the Defendants[.]" Order of 12/11/2013 [ECF No. 142] at 2. (citations to record omitted). Accordingly, as liability had been established, the remaining issue to be resolved is the amount of attorneys' fees owed to Defendants.

Upon referral to conduct a settlement conference to resolve the amount of attorneys' fees, the undersigned scheduled a settlement conference between all remaining parties[1] to occur on March 20, 2014. *See* Referral Order [ECF No. 149]; Notice of Hearing [ECF No. 150]. Before the settlement conference was held, a flurry of motions and attendant briefs were filed by the parties, and referred to the undersigned, to determine the appropriate format and disclosure of attorneys' bills, which the undersigned ruled upon. *See* [ECF Nos. 152, 153, 154, 155, 157, 158, 159, 160]; Text Order of 3/6/2014; Order [ECF No. 161]; Text Order of 3/10/2014. Additionally, all parties were required to submit confidential positions statements relative to settlement. *See* Notice of Hearing [ECF No. 150].

The following parties and counsel presented before the Court for the settlement conference on March 20, 2014: Plaintiffs Edson Arneault and Gregory Rubino and Plaintiffs' counsel John Mizner, Joseph Kanfer, and W. John Knox; Defendant John Bitner on behalf of the MTR Defendants and Defendants' counsel, Frederick Santarelli and Henry Siedzikowski; Defendant Leonard G. Ambrose, III and Defendant's counsel Jeanette Ho; an insurance adjuster on behalf of Scott Defendants, and Scott Defendants' counsel Ronald DiNicola along with staff.

The undersigned met in-Chambers with Plaintiffs' counsel Mr. Mizner, Mr. Kanfer and Mr. Knox and MTR Defendants' counsel Mr. Santarelli and Mr. Siedikowski to begin settlement

---

[1] Prior to the scheduled settlement conference, a settlement was reached between Plaintiffs and several Defendants as to the attorneys' fees and those Defendants were excused from attending the settlement conference. Settlement as to the amount of attorneys' fees was reached between Plaintiffs and Defendants Creany, Rendin, Brletic, Tallent, Smith, OToole, Sherman, Fajt, Angeli, Coy, Ginty, McCabe, Sojka, Trujillo, and Rivers. *See* Order [ECF No. 162].

2

discussions regarding the amount of attorneys' fees for MTR Defendants. MTR made its demand, to which counsel for plaintiff responded they would not present an offer. The undersigned subsequently asked whether Plaintiffs were willing to present an offer as to any defendant, to which counsel for plaintiff answered in the negative. In open court, the undersigned recounted this discussion and found that sanctions against Plaintiffs were appropriate for their bad faith participation in the settlement conference.

Courts have the "inherent authority to impose sanctions upon those who would abuse the judicial process." *Republic of the Philippines v. Westinghouse Elec.*, 43 F.3d 65, 73 (3d Cir. 1994) (emphasis in original) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991)). Such power derives from " 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Chambers*, 501 U.S. at 43 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962)). Because a court's powers are far reaching and potentially potent, they must "be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. A sanctioning court "must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must also ensure that the sanction is tailored to address the harm identified." *Republic of the Philippines*, 43 F.3d at 74.

Local Rule 16.2 relating to Alternative Dispute Resolution sets forth its purpose as follows:

> The Court recognizes that full, formal litigation of claims can impose large economic burdens on parties and can delay resolution of disputes for considerable periods. The Court also recognizes that an alternative dispute resolution ("ADR") procedure can improve the quality of justice by improving the parties' understanding of their case and their satisfaction with the process and the result. The Court adopts LR 16.2 to make available to litigants a broad range of court-sponsored ADR processes to provide quicker, less expensive and potentially more satisfying alternatives to continuing litigation without impairing the quality of justice or the

> right to trial. The Court offers diverse ADR services to enable parties to pursue the ADR process that promises to deliver the greatest benefits to their particular case. In administering LR 16.2 and the ADR program, the Court will take appropriate steps to assure that no referral to ADR results in an unfair or unreasonable economic burden on any party.

LCvR 16.2. As such, settlement conferences held before a magistrate judge should be conducted with economy, fairness and in good faith.

Here, sanctions are undoubtedly appropriate against Plaintiffs for costs and fees incurred by Defendants in preparing for and attending the settlement conference.

In open Court, Plaintiffs argued that this Court misconstrued Plaintiffs' in-Chambers statement, and that they would not entertain settlement with MTR Defendants only, not other Defendants. Counsel for MTR also stated on the record that counsel for the Plaintiffs had rejected negotiations with all Defendants. Plaintiffs did not, however, ask the undersigned to continue the settlement conference as to the remaining defendants, nor did they repudiate the fact that they were unequivocally unwilling to discuss any sort of settlement with the main Defendant, MTR.

Notwithstanding Plaintiffs' repudiation, I find their participation in the settlement conference was unreasonably impudent, entirely in bad faith, squandered scare judicial resources necessary to prepare for the settlement conference, was an economic waste of behalf of all Defendants involved who participated in good faith, and was contrary to the essential purpose of a settlement conference. The court is under a duty to assure that any referral to alternative dispute resolution does not create an unfair or unreasonable economic burden on any party. Plaintiffs' bad faith participation in the settlement conference scoffs at this purpose and created unfair and unreasonable economic burdens on Defendants for their good faith participation in the settlement conference. As such, I find that this abhorrent abuse of the judicial process warrants

the imposition of sanctions on Plaintiff for all Defendants' costs and attorneys' fees in preparing for and attending the settlement conference held March 20, 2014 before the undersigned. An appropriate Order follows.

## **O R D E R**

AND NOW, this 20th day of March, 2014, after a settlement conference was held before the undersigned on March 20, 2014, and this Court finding that Plaintiffs have participated in said conference in bad faith, IT IS HEREBY ORDERED, ADJUDGED and DECREED that sanctions are imposed upon Plaintiffs for Defendants' costs and attorneys' fees in preparing for and attending the settlement conference.

IT IS FURTHER ORDERED that Defendants are to file with the Court a fee petition outlining costs and fees by March 31, 2014 and Plaintiffs to respond by April 11, 2014.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge