IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


EDSON R. ARNEAULT, et al., )
     Plaintiffs, ) Civil Action No. 1:11-95
)
     vs. ) Magistrate Judge Susan Paradise Baxter
) Magistrate Judge Robert C. Mitchell
KEVIN F. O'TOOLE, et al., )
     Defendants. )


**MEMORANDUM**

ROBERT C. MITCHELL, United States Magistrate Judge.

## I. INTRODUCTION

Presently before the Court are Defendants', Leonard G. Ambrose, III, Nicholas C. Scott, Scott's Bayfront Development, Inc., ("Scott Defendants") Vincent Azzarello, John Bittner, Robert Griffin, David Hughes, MTR Gaming Group, Inc., Presque Isle Downs, Inc., Narciso Rodriguez-Cayro, and James V. Stanton's ("MTR Defendants") motions for attorney's fees and costs. [ECF Nos. 172, 174, 175]. For the reasons set forth below, Defendants' motions are granted in part and denied in part.

## II. BACKGROUND

The instant matter was originally filed by Plaintiffs on April 15, 2011 under 42 U.S.C. § 1983 against twenty-six separate Defendants alleging wrongdoing during the licensing process of Presque Isle Downs, a casino located in Erie, Pennsylvania. After Defendants moved to miss Plaintiffs' Amended Complaint, the court dismissed all of Plaintiffs' federal claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and declined to exercise jurisdiction over the remaining state law claims without prejudice to

Plaintiffs' right to assert them in state court. *See* Memo. Op. and Order [ECF No. 84]. Subsequently, Defendants moved for an award of attorneys' fees, which the court referred to a special master to issue a Report and Recommendation as to the amount of fees, if any, to be awarded to Defendants. The special master recommended that Defendants' motions be granted, but did not set forth the amount of attorneys' fees due. The court adopted the Report and Recommendation and entered an order granting Defendants attorneys' fees but did not set forth the amount owed. Accordingly, the court referred this issue to the undersigned and a settlement conference was held regarding the amounts of attorneys' fees to be awarded to Defendants. We found that Plaintiffs stymied any legitimate settlement discussions and participated in the settlement conference in bad faith. We also found sanctions in the form of attorneys' fees and costs for bad faith participation in the settlement conference appropriate, and issued a memorandum order consistent therewith. *See* 3/20/2014 Memo. Order [ECF No. 164]. Plaintiffs' objections to the imposition of sanctions were overruled. *See* 3/27/2014 Order [ECF No. 169]. Defendants filed their fee petitions for their participation in the settlement conference, to which Plaintiffs responded.

Defendant Ambrose requests fees in the amount of $3,650 and costs in the amount of $593.33. The Scott Defendants request fees in the amount of $1,716 and costs in the amount of $2,074.75. The MTR Defendants request fees in the amount of $23,509.00 and costs in the amount of $3,131.38.

## III. ANALYSIS

An "initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on litigation times a reasonable hourly rate." *Blum v. Stetson*, 465 U.S. 886, 888 (1984). This estimate is referred to as the "lodestar" figure, and is

presumed reasonable. *Pennsylvania v. Delaware Valley Citizens' Counsel*, 478 U.S. 546, 565 (1986). To calculate the reasonable rate, the district court must consider the prevailing market rates in the relevant community, the experience and skill of the attorney, and compare the rates to those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Lohman v. Duryea Borough*, 2008 WL 2951070, at *6 (M.D.Pa. July 30, 2008) (citing *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001)).

The district court must also determine whether the number of hours spent by the attorney is reasonable. In doing so, the court "should review the time charges, decided whether the hours claimed were reasonably expended for each of the particular purposes described, and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Pub. Interest Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995) (citations omitted). *See also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Here, Defendant Ambrose suggests a rate of $200.00 per hour for a total of 18.25 hours. The Scott Defendants suggest a rate of $220.00 per hour for a total of 7.8 hours. The MTR Defendants suggest a rate of $480.00 for Henry F. Siedzikowski, Esq., for a total of 19.0 hours, $480.00 an hour for Frederick P. Santarelli, Esq. for a total of 21.7 hours, and $290.00 an hour for Krista K. Beatty, Esq., for a total of 11.2 hours.

### a. Hours

Defendant Ambrose indicates that a total of 18.25 hours were spent in preparation for the settlement conference, including preparing a confidential statement relevant to settlement, drafting various motions and responses to motions in contemplation of the settlement conference, preparing a confidentiality agreement regarding its legal bills submitted to Plaintiff, drafting and

responding to various emails between counsel. The hours spent by Defendant Ambrose in preparing for and attending the settlement conference are reasonable.

The Scott Defendants indicate that a total of 7.8 hours were spent drafting a statement relative to settlement, for telephone conferences, and preparing for and attending the settlement conference. The hours spent by the Scott Defendants in preparing for and attending the settlement conference are also reasonable.

Lastly, the MTR Defendants claim that three attorneys worked for a total of 51.9 hours in preparing for and attending the settlement conference. This amount of time is unreasonable and excessive. Specifically, the MTR Defendants allege that it took 20.6 hours and three separate attorneys to draft the confidential settlement statement. The other defendants each took 6.9 hours and 1.8 hours to draft their statements. While it is noted that the MTR Defendants consist of eight separate defendants, taking 20.6 hours to draft an eleven-paged settlement statement that outlines the background of the case and the party's proposition for settlement is not reasonable. For that reason, the number of hours worked on the settlement statement will be divided in half across the board for each attorney and reduced as set forth below:

| | | |
|---|---|---|
| 3/4/2014: | Attorney Santarelli | Hours: .5 |
| 3/5/2014: | Attorney Santarelli | Hours: .45 |
| 3/5/2014: | Attorney Beatty | Hours: 1.25 |
| 3/6/2014: | Attorney Beatty | Hours: 1.25 |
| 3/7/2014: | Attorney Beatty | Hours: 1.1 |
| 3/7/2014: | Attorney Siedzikowski | Hours: .5 |
| 3/10/2014: | Attorney Santarelli | Hours: 1.5 |
| 3/10/2014: | Attorney Siedzikowski | Hours: 1 |
| 3/10/2014: | Attorney Beatty | Hours: 2.75 |
| | | |
| | | Total: 10.3 hours |

This amount of time is more in line with the time spent by the other defendants.

Additionally, the MTR Defendants seek reimbursement for a total of 22.5 hours it took to

travel to Pittsburgh, attend the settlement conference and return travel. The MTR Defendants will be awarded 1.5 hours for each attorney attending the settlement conference, but will not be awarded the time for travelling to and from Pittsburgh as it is excessive and unreasonable.[1]

Therefore, the MTR Defendants will be awarded a total of 19.9 hours for drafting the position statement, corresponding with clients and opposing counsel, and preparation and attendance in connection with settlement conference, allocated as follows: (1) Attorney Santarelli: 7.55 hours; (2) Attorney Siedzikowski: 5 hours; (3) Attorney Beatty: 7.35 hours.

### b. Reasonable Fee

Defendant Ambrose's attorney charges a rate of $200.00 per hour. The Scott Defendants' attorney charges a rate of $220.00 per hour. The MTR Defendants' Attorneys Siedzikowski and Santarelli charge a rate of $480 per hour, and Attorney Beatty charges a rate of $290 per hour.

"Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community." *Maldanado*, 256 F.3d at 184. In awarding a reasonable hourly fee, the court should "assess the experience and skill of the . . . attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). The moving party "bears the burden of establishing by way of satisfactory evidence, in addition to [the] attorney's own affidavits, . . . that the requested hourly rates meet this standard." *Id*. (internal citations and quotation marks omitted). The attorney's usual billing rate is not dispositive of the fee charged. *Id*.

---

[1] If, for example, the MTR Defendants included mileage in its costs, the court would entertain awarding such an amount. However, because they do not do so, this amount will not be included in attorney's fees. Plaintiffs also contend that MTR counsel were already in Pittsburgh for another mediation in a related case, therefore their costs are duplicative.

Here, Plaintiffs do not challenge the hourly rate of any attorney, therefore the fees assessed will be deemed reasonable.

### c. Lodestar Calculation

To calculate the lodestar, the court multiplies the reasonable hours by the reasonable fee.

Here, as for Defendant Ambrose, the court finds that a reasonable number of hours is 18.25, and the reasonable fee is $200.00 per hour for a total of $3,650.00.

As for the Scott Defendants, the court finds that a reasonable number of hours is 7.8 and the reasonable fee is $220.00 for a total of $1,716.00.

As for the MTR Defendants, the court finds that a reasonable number of total hours is 30.2 and the reasonable fee is $480.00 for Attorneys Santarelli and Siedzikowski, and $280.00 for Attorney Beatty. Such hours are allocated to each attorney as follows:

7.55 hours at $480.00 per hour for Attorney Santarelli for a total of $3,624.00;

5 hours at $480.00 per hour for Attorney Siedzikowski for a total of $2,400.00;

7.35 hours at $290.00 per hour for Attorney Beatty for a total of $2,131.50.

### d. Costs

Defendant Ambrose submits costs in the amount of $593.33 for airline and hotel expenses to attend the settlement conference. Defendant Ambrose is an Erie, Pennsylvania resident and was required to spend the evening in Pittsburgh on March 19, 2014, and also was travelling back from Florida and incurred flight change fees to fly to Pittsburgh instead of his originally scheduled flight to Cleveland. The Court will divide these costs in half, and award Defendant Ambrose $296.66 in costs.

The Scott Defendants submit costs in the amount of $2,074.75 for mileage to travel to Pittsburgh from Erie and back, three hotel rooms for counsel and the Scott Defendants'

representatives, airfare, ground transportation, meals, parking and internet access. The Court will divide these costs in half, and award the Scott Defendants $1,037.37 in costs.

The MTR Defendants submit costs in the amount of $3,131.38 for hotel charges, airfare, ground transportation, parking and meals. However, upon review of the record, the MTR Defendants have not provided the Court with any documentary evidence that these fees were actually incurred. Therefore, because the Court cannot discern whether these were bona fide costs incurred relative to the settlement conference, and these Defendants will not be awarded costs.

### e. Court's Award of Fees

#### 1. Defendant Ambrose

The Court will award Defendant Ambrose the sum of $3,650.00 for attorney's fees and $296.66 in costs for a total of $3,946.66.

#### 2. Scott Defendants

The Court will award the Scott Defendants the sum of $1,716.00 for attorney's fees and $1,037.37 in costs for a total of $2,753.37.

#### 3. MTR Defendants

The Court will award the MTR Defendants the sum of $8,155.50 for attorney's fees and will not award costs for a total of $8,155.50.

## IV. CONCLUSION

For the foregoing reasons, Defendants' requests for attorney's fees and costs are granted in part and denied in part.

An appropriate Order follows.

## ORDER

**AND NOW**, this 17th day of April, 2014, **IT IS HEREBY ORDERED** that Defendant Leonard G. Ambrose, III's , Nicholas C. Scott, Scott's Bayfront Development, Inc., ("Scott Defendants"), Vincent Azzarello, John Bittner, Robert Griffin, David Hughes, MTR Gaming Group, Inc., Presque Isle Downs, Inc., Narciso Rodriguez-Cayro, and James V. Stanton's ("MTR Defendants") motions for attorney's fees and costs. [ECF Nos. 172, 174, 175] are **GRANTED IN PART** and **DENIED IN PART** as follows:

(1)     Attorney's fees for Defendant Leonard G. Ambrose, III are awarded in the amount of $3,650.00;

(2)     Costs for Defendant Leonard G. Ambrose, III are awarded in the amount of $296.66;

(3)     Attorney's fees for Nicholas C. Scott, Scott's Bayfront Development, Inc., ("Scott Defendants") are awarded in the amount of $1,716.00;

(4)     Costs for Nicholas C. Scott, Scott's Bayfront Development, Inc., ("Scott Defendants") are awarded in the amount of $1,037.37;

(5)     Attorney's fees for Vincent Azzarello, John Bittner, Robert Griffin, David Hughes, MTR Gaming Group, Inc., Presque Isle Downs, Inc., Narciso Rodriguez-Cayro, and James V. Stanton's ("MTR Defendants") are awarded in the amount of $8,155.50;

(6)     Costs for Vincent Azzarello, John Bittner, Robert Griffin, David Hughes, MTR Gaming Group, Inc., Presque Isle Downs, Inc., Narciso Rodriguez-Cayro, and James V. Stanton's ("MTR Defendants") are not awarded.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge
